UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN A. COX, | ) |
|     PLAINTIFF, | ) |
| vs. | ) CASE NO. 05-CV-694-FHM |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) |
|     DEFENDANT. | ) |

## ORDER

Plaintiff, Karen A. Cox, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's September 5, 2003 application for disability insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held April 6, 2005. By decision dated July 15, 2005, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the ALJ's decision on October 17, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born October 14, 1959, and was 45 years old at the time of the hearing. [R. 51, 341]. She claims disability commencing April 1, 2002, due to back pain, arthritis, bone spurs and carpal tunnel syndrome. [R. 64, 71, 343]. The ALJ found at Step 2 that Plaintiff's severe impairments are morbid obesity and moderately severe disc space height loss at L5-S1. [R. 31]. Despite these impairments, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform her past relevant work as an office clerk, telephone salesperson, and crossing guard. [R.17-18]. The ALJ concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 29]. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ committed the following errors: 1) by failing to recognize all Plaintiff's diagnosed impairments as severe; 2) by formulating Plaintiff's RFC that failed to include all her physical limitations; and 3) in his analysis of Plaintiff's credibility. For the following reasons, the Court finds this case must be reversed and remanded to the Commissioner for reconsideration.

**Step Two Determination**

In step two of the sequential evaluation process, the claimant bears the burden of making "a threshold showing that her medically determinable impairment or combination of impairments significantly limits her ability to do basic work activities." *Williams*, 844 F.2d at 752. The step two determination is based on medical factors alone. *Id.* at 750. The claimant must make a "*de minimis* showing of medical severity" or the evaluation process ends, and benefits are denied. *Id.* at 751.

Here, the ALJ failed to accord severe-impairment status to Plaintiff's claim of carpal tunnel syndrome.[2]  With regard to Plaintiff's carpal tunnel syndrome, the ALJ stated: "[T]here is no medical support for her alleged carpal tunnel syndrome..." [R. 17]. However, as Plaintiff points out, the record belies this finding.

The record contains a progress note from Plaintiff's treating physician, James K. Bailey, M.D., that Plaintiff reported some paresthesias[3] in both upper extremities which "sound very much like carpal tunnel syndrome" on August 19, 2003. [R. 190-191]. He noted her symptoms seemed to be better after wearing a brace at night but  referred her for diagnostic testing. *Id.* Electromyogram and nerve conduction studies on August 22, 2003, revealed evidence consistent with carpal tunnel syndrome of moderate

---

[2] Carpal tunnel syndrome is "a complex of symptoms resulting from compression of the median nerve in the carpal tunnel, with pain and burning or tingling paresthesias in the fingers and hand, sometimes extending to the elbow." *Dorland's Illustrated Medical Dictionary*, 28th ed., p. 1626. "This compression produces paresthesias in the radial-palmar aspect of the hand plus pain in the wrist, in the palm, or sometimes proximal to the compression site in the forearm and shoulder. Sensory deficit in the first 3 digits and/or weakness and atrophy in the muscles controlling thumb abduction and apposition may follow." *The Merck Manual*, (Robert Berkow, M.D., et al., eds., 16th ed. 1992), p. 1519.

[3] Paresthesia is an abnormal touch sensation, such as burning, prickling or formication, often in the absence of an external stimulus. *Dorlands*, p. 1234.

degree on the right and of a very mild degree on the left. [R. 188-189]. Dr. Bailey noted moderate to mild carpal tunnel in his treatment notes on September 5, 2003. [R. 186]. This evidence was not mentioned or discussed by the ALJ.

This omission requires remand for the ALJ to incorporate his evaluation of this medical evidence into his decision. The ALJ is required to "evaluate every medical opinion" he receives, 20 C.F.R. § 404.1527(d), and to "consider all relevant medical evidence of record in reaching a conclusion as to disability." *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir.1989). Without the benefit of the ALJ's findings supported by the weighing of this relevant evidence, the Court cannot determine whether his conclusions are supported by substantial evidence. "[W]here the record on appeal is unclear as to whether the ALJ applied the appropriate standard by considering all the evidence before him, the proper remedy is reversal and remand." *Id.*

### Credibility and RFC Findings

The Court notes that the ALJ's disregard of the medical evidence in this case also affected his evaluation of claimant's credibility regarding her subjective complaints of hand tingling, numbness and diminished grip strength, *see Winfrey*, 92 F.3d at 1021. Plaintiff testified at the hearing that she could not type because of the pain and loss of strength in her hands due to carpal tunnel syndrome. [R. 343-345]. The ALJ noted this testimony in his decision.[4] [R. 17]. He also observed that Plaintiff wore a brace on her right hand. *Id.* He dismissed Plaintiff's alleged symptoms related to carpal tunnel

---

[4] The ALJ's recitation of Plaintiff's testimony is not accurate. Under questioning by her attorney, Plaintiff said that she could pick up a dime from a table but that she would not be able to hold a deodorant straight and squeeze it. [R. 344].

4

syndrome based upon the lack of medical support.  Because the record does contain medical evidence that supports Plaintiff's allegation that she suffers from carpal tunnel syndrome, the ALJ's credibility findings will also require reevaluation upon remand.[5]

The ALJ determined Plaintiff could perform the demands of her past clerical work which, according to her description of her work activities and the testimony of the vocational expert at the hearing, required typing, operating a 10-key, filing and having good use of both hands for repetitive activities such as reaching, handling and fingering. [R. 74, 342, 370].  This finding was based upon an RFC assessment that did not include any non-exertional limitations caused by carpal tunnel syndrome.  If, after reconsideration, the ALJ determines Plaintiff has a severe impairment of carpal tunnel syndrome that impacts these work activities, this determination must also be revisited.

## **Conclusion**

Because the ALJ did not properly evaluate all the evidence in the record, the Court cannot say his decision is based upon substantial evidence.  Accordingly, the case is REVERSED AND REMANDED for reconsideration.  In doing so, the Court does not dictate the result.  Rather, remand is ordered to assure that a proper analysis is performed and the correct legal standards are invoked in reaching a decision based on the facts of the case. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995).

---

[5] The Court notes that the record does not contain any follow-up treatment for this condition. Nor is there any report of functional restrictions or limitations imposed by any of Plaintiff's medical care providers due to the condition.  Thus, Defendant's contention that Plaintiff did not establish an impairment that significantly limits her ability to do work activities has some merit.  However, because the ALJ's rejection of Plaintiff's allegations was based solely upon his finding that the medical record contained no evidence of carpal tunnel syndrome, his decision cannot be said to be supported by substantial evidence.

SO ORDERED this 19th day of December, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE